Vernon Dale TRAVIS *v.* STATE of Arkansas

CR 84-81                                    678 S.W.2d 341

Supreme Court of Arkansas
Opinion delivered October 29, 1984

*Mark Binns,* for appellant.

*Steve Clark,* Att'y Gen., by: *Leslie M. Powell,* Asst. Att'y Gen., for appellee.

WEBB HUBBELL, Chief Justice. After a hearing held August 16, 1982, the trial court accepted a plea of guilty from appellant, Vernon Dale Travis, to a charge of first degree murder and imposed the recommended sentence of twenty years. Appellant subsequently filed a Rule 37 petition for post-conviction relief. The trial court denied relief after a

hearing at which Travis was represented by appointed counsel. On appeal appellant alleges ineffective assistance of counsel. We affirm.

On April 15, 1982, appellant was charged with capital murder and counsel was appointed to represent him. At a hearing on May 4, 1982, appellant announced he did not want that attorney to represent him and would not cooperate with him. The court cautioned appellant about the hazards of self-representation, but appellant insisted on representing himself if he could not have another atttorney. On August 10, 1983, the court appointed another attorney, who was then present with appellant on August 16, 1983, when a guilty plea was entered to a reduced charge of first degree murder pursuant to a plea agreement.

Appellant first contends he was denied effective assistance of counsel. He alleges his first attorney was inexperienced and neither his first nor his second attorney advised him on the law concerning his sentence. At the plea hearing of August 16, 1982, appellant admitted that he had had adequate time to discuss his case with his second experienced attorney and that he was present at the discussions between the prosecutor and defense counsel concerning the sentence associated with the plea bargain. When questioned by the court, appellant replied that this information was correct. Counsel is presumed competent, and the burden of overcoming that presumption is on appellant who must show more than mere errors, omissions, mistakes, improvident strategy, or bad tactics. *United States* v. *Cronic,* \_\_\_U.S.\_\_\_, 104 S. Ct. 2039 (1984). *Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973).

It is unnecessary, however, for us to examine the alleged ineffectiveness of counsel absent a showing that appellant's conviction was unreliable. *Crockett* v. *State,* 282 Ark. 582, 669 S.W.2d 896 (1984). *See Also Strickland* v. *Washington,* \_\_\_ U.S.\_\_\_, 104 S. Ct. 2052 (1984). At the post-conviction hearing, appellant merely asserts he was not guilty, a statement unsupported by any substantial evidence. Moreover, appellant's counsel testified: "He did admit to me the killing of Frank Harris, I believe his name was, or I would

never pled him guilty, and I stated that in the record." The record reflects that no evidence was introduced at the Rule 37 hearing to contradict appellant's admission of guilt in open court and his similar admission to his attorney. Since there is no reasonable doubt about appellant's guilt or the reliability of his convictions, appellant has suffered no prejudice. The failure to prove either deficient performance by counsel or prejudice suffered defeats a claim of ineffective assistance of counsel. *Welch* v. *State*, 283 Ark. 281, 675 S.W.2d 641 (1984).

Appellant next alleges error in the trial court's refusal to recuse himself from the Rule 37 hearing. The same judge who presides over a defendant's trial may also preside over a post-conviction proceeding; disqualification is discretionary and will not justify reversal absent an abuse of discretion. *Woods* v. *State*, 278 Ark. 271, 644 S. W. 2d 937 (1983).

Appellant last argues insufficient evidence to support his conviction. The record reflects that appellant understood the rights he was waiving by his entry of a guilty plea and that he entered the plea of his own free will. In open court appellant admitted that after premeditation and deliberation he caused the death of the victim. Defense counsel also stated that: "He [appellant] has discussed with me the details of the killing. He has admitted that to me, has told me why." A. R. Crim. P. 24.4

Affirmed.