Ricky McCLENDON *v.* STATE of Arkansas

CR 86-211                                        735 S.W.2d 701

Supreme Court of Arkansas
Opinion delivered September 14, 1987

174

*Spencer, Spencer, Depper & Guthrie*, by: *David F. Guthrie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This criminal case is not properly before us; therefore, we do not reach any issues raised regarding the appellant's trial.

McClendon was convicted on February 2, 1984, of rape and aggravated robbery and sentenced to life imprisonment on each count. No appeal was filed. On June 11, 1984, pursuant to A.R.Cr.P. Rule 37, McClendon filed a petition for a new trial alleging ineffective assistance of counsel. The court held a hearing and found that McClendon's counsel did not perfect an appeal as he should have. On March 13, 1986, the court ordered a new trial. The state filed a notice of appeal but did not perfect the appeal.

Instead, on July 29, over three months later, the state filed a motion asking the court to reconsider its order granting a new trial. The judge found that, instead of a new trial, the appellant should have been granted a belated appeal. The time for perfecting a belated appeal is 18 months, and it had expired. The trial judge ordered the appellant to request a belated appeal, and the case comes to us in this posture.

The appellant argues that the trial court could not amend its order for a new trial because Rule 37 explicitly states there will be no rehearing of these decisions. Rule 37.2(d) reads: "The decision of the court in any proceeding under this rule shall be final when the judgment is rendered. No motion for rehearing shall be considered."

We agree with the appellant. While the appropriate remedy was to see that appellant was granted an appeal, the order for a new trial should stand. It was a final order. The state could have appealed and chose not to do so. The trial court was without authority to set its March order aside.

Therefore, the order of September 25, 1986, amending the

March order, is reversed, and the case is remanded for a new trial.