Jerry Ray REEL *v.* STATE of Arkansas

CR 94-771                                      886 S.W.2d 615

Supreme Court of Arkansas
Opinion delivered November 7, 1994

*Mikke Connealy Bracey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Jerry Ray Reel stands convicted of second degree battery, burglary, and aggravated robbery and sentenced to concurrent terms of imprisonment of 12, 40, and 120 years respectively. He raises two points of appeal. He contends Judge Samuel H. Turner should have recused and not presided at the trial because Judge Turner had recently been the victim of a robbery and a burglary and thus could not be impartial. He also argues it was error for Judge Turner not to have declared a mistrial when a witness mentioned that Mr. Reel had a "record." We hold that Judge Turner did not abuse his discretion in declining to recuse and that the refusal to declare a mistrial was not error.

Upon entering his home, Gene Richardson, aged 78, was

confronted by an intruder he later identified as Mr. Reel. Mr. Reel struck Mr. Richardson on the head with a pistol and placed the gun to Mr. Richardson's head and threatened to kill him if he did not cooperate. Mr. Richardson was dragged on the floor to his bedroom where his billfold was stolen as were other items including guns and clothing. Mr. Reel then departed in Mr. Richardson's truck.

On the day before the trial Mr. Reel offered an unconditional plea of guilty. Judge Turner refused to accept it, stating that because he had been a victim of both a robbery and a burglary, he did not feel he could be impartial in prescribing punishment.

On the day of the trial, outside the hearing of the jury, the defense made a recusal motion, referring to Canon 3 of the Arkansas Code of Judicial Conduct and to Judge Turner's having been a crime victim within the preceding six months. Judge Turner stated he took the motion very seriously but felt that, as long as he was not to be the one to set the punishment, an area where he might be subconsciously affected by his experience as a victim, he could preside with total impartiality.

Officer Marvin Crawford, who was in charge of gathering fingerprints from the crime scene and sending them to the FBI for comparison, testified for the State. The exchange which drew Mr. Reel's mistrial motion and is the subject of appeal was as follows:

> CRAWFORD: And at that time, upon determining the identification of Mr. Reel, I then asked for a comparison test between the prints of Mr. Reel and the prints I lifted from the scene.
>
> PROSECUTOR: Okay. It's not a situation where you just send prints and say identify these, is it?
>
> CRAWFORD: No.
>
> PROSECUTOR: You send them up some prints to compare?
>
> CRAWFORD: Right.
>
> PROSECUTOR: And that's practice and procedure?

CRAWFORD: That's true.

PROSECUTOR: Now, Mr. Crawford, so you put all the latent print lifts that you had and sent them to the FBI lab, is that correct?

CRAWFORD: That's correct.

PROSECUTOR: You did receive those back at a later time?

CRAWFORD: I did.

PROSECUTOR: Did you also send some prints for comparison?

CRAWFORD: I'm sorry, I didn't understand that.

STATE: Did you send some prints of the defendant for comparison?

CRAWFORD: Okay. At that time, based on Mr. Reel's previous record, his file or his prints were already on file with the FBI.

The Trial Court denied the motion.

## 1. Recusal

Mr. Reel relies heavily on Canons 2 and 3 of the Arkansas Code of Judicial Conduct. Those Canons provide:

Canon 2: A JUDGE SHALL AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL OF THE JUDGE'S ACTIVITIES.

Canon 3: A JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY AND DILIGENTLY.

* * *

B. Adjudicative Responsibilities.

(1) A judge shall hear and decide matters assigned to the judge except those in which disqualification is required.

* * *

E. Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. . . .

Mr. Reel contends Judge Turner's impartiality could reasonably be questioned in this case because he was a victim of some of the same crimes charged against Mr. Reel and because the Judge admitted his concern whether it would be proper for him to impose a sentence. He argues the Trial Court's bias was displayed when his motion for a mistrial was denied.

■■ Arkansas Const. art. 7, § 20, and Arkansas Code of Judicial Conduct Canon 3(c) provide that judges must refrain from presiding over cases in which they might be interested and avoid all appearances of bias. *Matthews* v. *State*, 313 Ark. 327, 854 S.W.2d 339 (1993). We will not, however, reverse a judgment on the basis of a trial judge's decision not to disqualify unless we conclude the judge committed an abuse of discretion. *Matthews* v. *State, supra; Trimble* v. *State*, 316 Ark. 161, 871 S.W.2d 562 (1994). To decide whether there has been an abuse of discretion, we review the record to determine if prejudice or bias was exhibited. *See Patterson* v. *R.T.*, 301 Ark. 400, 785 S.W.2d 777 (1990); *State* v. *Williams*, 458 A.2d 1295 (N.J. Super. A.D. (1983)).

■ The circumstance of a trial judge's unfortunate encounters with the same crimes charged against the accused is not mentioned in Canon 3, nor have any of our cases confronted the issue. There is, however, authority from other jurisdictions suggesting a judge should not be disqualified because of his or her life experiences. For example, in *State* v. *Williams, supra*, the defendant in a products liability action involving a defective industrial machine sought to have the judge disqualified because the judge suffered an injury to his hand in a similar industrial accident thirty years before. In finding this argument to be meritless, the Appellate Division reasoned as follows:

A judge ordinarily is not disqualifiable because of his own life experiences. Obviously a judge is not disqualified from presiding at an automobile accident because he was once

himself in an automobile accident. Nor is a judge disqualified from trying a divorce case either because he is himself married or divorced, or from trying a contested adoption case because he has either natural children or adopted children.

The Court said, however, that "there may be a specific situation which would render it appropriate for a judge to recuse himself in a particular case."

■■ The decision not to recuse is affirmed when there is no abuse of discretion. Judge Turner was in the better position to determine if his recent experience would compromise his impartiality. An examination of the record reveals that Mr. Reel and his counsel were treated fairly, and there is nothing to indicate prejudice on the part of Judge Turner. The punishment was decided by the jury, which sentenced Mr. Reel to the maximum enhanced term of imprisonment for each conviction as provided by the habitual offender statute. Judge Turner decided the sentences were to be served concurrently, which suggests leniency at the very phase of the proceedings with respect to which he was concerned about his impartiality.

## 2. Mistrial

■ As Judge Turner pointed out in response to the motion, a mistrial is a drastic remedy to which resort should be had only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *Biggers* v. *State*, 317 Ark. 414, 878 S.W.2d 717 (1994). The decision whether to grant a mistrial is within the sound discretion of the trial court. *Scherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988).

Judge Turner admonished the jury to disregard Officer Crawford's reference to Mr. Reel's prior record. Mr. Reel contends the statement was so prejudicial that a mistrial was the only appropriate remedy.

In *Scherrer* v. *State, supra*, we held that an admonition to the jury was proper to cure a reference a witness made to the defendant's being "arrested for the first time" and to "the first time [the defendant] got locked up." In *Strawhacker* v. *State*, 304 Ark. 726, 804 S.W.2d 720 (1991), we held that a policeman's inad-

vertent reference to a previous charge against the defendant did not require a mistrial when, as in this case, an admonition had been given to the jury to disregard the testimony.

We cannot say there was an abuse of discretion in denying the motion for a mistrial.

Affirm.