# Dale BRYANT *v.* STATE of Arkansas

CR 95-741                                    913'S.W.2d 257

Supreme Court of Arkansas
Opinion delivered January 16, 1996

*John Putman*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, Dale Bryant, pleaded guilty to capital murder on August 18, 1992. His plea was conditional on his right to appeal an adverse ruling by the trial court on a motion to suppress his inculpatory statements. The appellant was sentenced to life without parole. On September 13, 1993, the Arkansas Supreme Court affirmed the trial court's denial of the suppression motion. *Bryant* v. *State*, 314 Ark. 130, 862 S.W.2d 215 (1993). On November 18, 1993, the appellant filed a petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. On the same date, the appellant also filed a motion for the trial judge to recuse himself from the appellant's case. The petition and motion were denied without a hearing, and the appellant brings this appeal.

The appellant argues that the trial court erred in not holding an evidentiary hearing on the appellant's Rule 37 petition. The judge held that the petition did not state grounds sufficient to grant relief. In the petition the appellant claimed that his sentence should be vacated and asked that he be allowed to withdraw his guilty plea for several reasons. He stated that his constitutional right to be present at all critical stages of the proceedings was violated when he was not present at a hearing on the state's motion to have the appellant submit to blood and hair samples. He also claimed that the trial judge violated his rights and "committed a grave malfeasance" by stating that the appellant was represented by counsel at the hearing. Neither of these claims is cognizable in Rule 37 proceedings. When a defendant pleads guilty, the only claims cognizable in Rule 37 proceedings are those which allege that the plea was not made voluntarily and intelligently or was entered without effective assistance of

counsel. *See Branham* v. *State*, 292 Ark 355, 730 S.W.2d 226 (1987).

■ The appellant next claimed in his petition that his guilty plea was the result of "reprehensible methods of persuasion to gain the plea" by his appointed counsel and that, but for counsel's persuasion tactics and unprofessional errors, the results of the proceeding would have been different. These are conclusory allegations totally unsupported by facts; therefore, the allegations do not provide a basis for a hearing or postconviction relief.

■ Sixteen months after the appellant filed his Rule 37 petition, he filed a twenty-three page document entitled "Rule 37—WRITTEN ARGUMENT." None of the claims in that document were considered by the trial judge, nor should they have been. Arkansas Rule of Criminal Procedure Rule 37.1 (e) provides that a petition shall not exceed ten pages in length. Rule 37.2(b) provides that all grounds for relief must be raised in the original petition and section (e) of the same rule provides that in order to amend his petition a petitioner must ask leave of the court. In filing the twenty-three page document, the appellant did not ask the court's permission to either file an overlength document or amend his original petition with the latter document. Therefore, the allegations in the latter document will not be considered.

The appellant claims that the trial court erred in refusing to recuse from the appellant's case. In the appellant's motion he stated that the trial judge should be disqualified because the appellant had filed a complaint against the judge with the Arkansas Judicial Discipline Committee. The appellant further stated that the committee only ruled on part of the complaint because of lack of jurisdiction and the appellant was seeking a ruling on the remainder of the complaint. The appellant also claimed that the judge should be disqualified because the judge's actions in the pretrial proceedings form the basis of some of his Rule 37 allegations.

■ In his brief on appeal, the appellant argues that the trial judge should have disqualified himself from the Rule 37 proceeding because he was going to have to rule on the propriety of his own actions. This court has held that the judge who pre-

sides over a defendant's trial can also preside over that defendant's postconviction proceeding. *Travis* v. *State*, 283 Ark. 478, 678 S.W.2d 341 (1984). Moreover, recusal is not required when some of the judge's rulings are considered in the Rule 37 proceedings. *See Meyers* v. *State*, 252 Ark. 367, 479 S.W.2d 238 (1972); *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987).

The appellant also claims that the trial court's order dismissing the Rule 37 petition indicated that the trial court was prejudiced against the appellant. The order stated in part:

> It's the Court's impression that [the appellant] considers himself far more clever and intelligent than either of his lawyers or the trial judge. His filing of a Rule 37 petition was recognized by all concerned to be a given. This case was processed recognizing that regardless of circumstances of his being convicted that [the appellant] would claim that he was entitled to postconviction relief and would complain about the quality of legal representation.

The appellant argues that the judge's comments reflect a preconceived notion that any allegations made by the appellant in a Rule 37 petition would be false.

█ A circuit judge's decision not to recuse from a case is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. *Sheridan* v. *State*, 313 Ark. 23, 852 S.W.2d 772 (1993). The trial judge's comments were made when he ruled on the appellant's motion some sixteen months after it was filed, but the appellant wants this court to consider those comments as a reason to hold that the trial judge was wrong in refusing to disqualify himself. This court will consider only the facts set forth in the motion that the trial court ruled on; we find that there was no abuse of discretion in the trial court's decision not to recuse.

Affirmed.