Albert BESHEARS *v.* STATE of Arkansas

CR 96-738                                               947 S.W.2d 789

Supreme Court of Arkansas
Opinion delivered July 14, 1997

*Dale E. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, Albert Beshears, entered a conditional plea of guilty to possession of a controlled substance with intent to deliver. He was sentenced to forty years in prison. In the direct appeal, we affirmed the Trial Court's denial of Beshears's motion to suppress. *Beshears v. State*, 320 Ark. 573, 898 S.W.2d 49 (1995). Beshears subsequently filed a petition for postconviction relief pursuant to A.R.Cr.P. Rule 37.

In the petition, Beshears alleged that his counsel was ineffective because he misled Beshears about the existence of an offer of a negotiated plea; because he failed to file a motion asking the trial judge to recuse; and because he represented a conflicting interest that adversely affected the defense. Beshears also alleged that his counsel was ineffective for participating, without his clients' permission, in the division of monies seized by forfeiture.

In addition to his claims for relief under A.R.Cr.P. Rule 37, Beshears filed a motion asserting that the trial judge should recuse from the postconviction proceeding. In the following order, the Trial Court denied the motion to recuse and Beshears's request for postconviction relief:

> Following a hearing held on this day, 21 March 1996, after considering the petitions, the testimony of the witnesses and the arguments of counsel, makes the following orders:
>
> 1. The motion for recusal is hereby denied; and
>
> 2. The request for relief pursuant to Rule 37 is also denied.

·

Beshears now appeals that order. We reverse and remand because the order does not contain written findings of fact and conclusions of law as required by A.R.Cr.P. Rule 37.3(c).

On appeal, Beshears contends that the Trial Court erred in denying relief on his claim that his counsel was ineffective because he represented a conflicting interest at the same time he represented Beshears. Specifically, he argues that his attorney also represented his brother, Eddie, on an unrelated charge; and that during that representation, Eddie made a statement that exculpated Beshears. Beshears contends that his attorney's choice not to use this statement on his client's behalf made his guilty plea involuntary and unintelligent. Beshears also makes a two-part argument concerning the recusal of the trial judge. He contends that the trial judge erred in denying his motion to recuse from the postconviction proceeding; and that it was error to deny relief on his claim that his counsel was ineffective for failing to file a motion to recuse prior to Beshears's conviction.

■ We cannot reach the merits of the arguments concerning the alleged conflict of interest and trial counsel's failure to file a motion to recuse because the Trial Court did not enter written findings of fact and conclusions of law as required by A.R.Cr.P. Rule 37.3. We have held without exception that this rule is mandatory and requires written findings. *Williams v. State*, 272 Ark. 98, 612 S.W.2d 115 (1981). Therefore, we reverse and remand the case to the Trial Court for written findings of fact and conclusions of law on Beshears's claims for postconviction relief.

We can, however, reach the merits of the argument concerning the Trial Court's denial of the motion to recuse from the postconviction proceeding. Beshears argues that the trial judge should have recused from considering his Rule 37 petition because the trial judge, before he assumed the bench, prosecuted him on an unrelated matter ten years prior to the filing of the charges on which he is presently incarcerated. He also argues that the trial judge gained additional knowledge about Beshears when he represented him on a civil matter, and that the judge played a role in Beshears's return from the Act 309 program in Lawrence County. Beshears contends that these circumstances warranted

the trial judge's recusal in order to avoid the appearance of impropriety. The State argues that the Trial Court, did not abuse its discretion in denying the motion to recuse. We agree.

■ Article 7, Section 20, of the Arkansas Constitution and Canon 3(c) of the Arkansas Code of Judicial Conduct provide that judges must refrain from presiding over cases in which they might be interested and avoid all appearances of bias. *Matthews v. State*, 313 Ark. 327, 854 S.W.2d 562 (1994). A trial judge's decision not to recuse from a case is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. *Bryant v. State*, 323 Ark. 130, 913 S.W.2d 257, (1996). To decide whether there has been an abuse of discretion, we review the record to determine if prejudice or bias was exhibited. *Reel v. State*, 318 Ark. 565, 886 S.W.2d 615 (1994).

■ Beshears has not pointed to, nor can we find, any exhibition of bias or prejudice by the trial judge during the Rule 37 proceeding. Therefore, the trial judge did not abuse his discretion in denying the motion to recuse.

Reversed and remanded.

GLAZE, J. dissents.

TOM GLAZE, Justice, dissenting. Returning this case for the trial court to place its findings in an order is a total waste of judicial time. In rendering its decision in this matter, the trial court made its rulings and findings from the bench, and those findings were reported and are now found in the record before us. This court returns this case to the trial court and directs it to take the findings it made earlier (presently set out in the written record), incorporate those findings in an order, and return that order for this court to make a decision. How requiring the trial court to perform this useless function is going to help this court decide appellant's case escapes me.

I would affirm.