Shirley MATTHEWS *v.* STATE of Arkansas

CR 97-267                                          970 S.W.2d 289

Supreme Court of Arkansas
Opinion delivered June 25, 1998
[Petition for rehearing denied October 15, 1998.]

*Jeff Rosenzweig,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, Shirley Matthews, was convicted of arson, conspiracy to commit arson, and attempted theft of property. The conspiracy conviction was subsequently vacated by the trial court. Matthews was sentenced to a twenty-year prison term on the arson conviction and a six-year prison term on the attempted theft of property conviction. The Court of Appeals affirmed the conviction and sentence in *Matthews v. State,* CACR 94-1007 (April 17, 1996). Matthews subsequently filed a timely petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. After a hearing, the Circuit Court filed a written order that denied the petition. Matthews now appeals that order. We affirm.

The allegations in Matthews's petition centered around defense counsel's objection to the introduction of hearsay evidence during the testimony of Matthews's alleged co-conspirator, Peggy Urick. According to Matthews, her attorney objected when the State attempted to elicit the hearsay statements of Matthews's mother, Mildred Gunther. During the objection, the following colloquy ensued:

> DEFENSE COUNSEL: Your Honor, at this point I'm going to object to, and there's been a couple of hearsay statements I'm trying to ignore, but she is making statements about they and this person and that person. I would submit to the court that any statement other than that made by Shirley Matthews would be hearsay and inadmissible.
>
> THE COURT: Sustained.
>
> PROSECUTOR: Your Honor, if I might point out and respond to that argument, Shirley Matthews is charged not only

with arson but conspiracy to commit arson, and Mildred Gunter is also named as a co-conspirator and therefore any statements . . .

THE COURT: Oh, well, I didn't realize, she's charged too?

PROSECUTOR: No, Your Honor.

DEFENSE COUNSEL: There was no other co-conspirator charge to my knowledge.

PROSECUTOR: She need not be charged as a co-conspirator, but if Mildred Gunter is a co-conspirator, whether charged or not, any statements made by a co-conspirator are admissible if made during, in preparation for, or in furtherance of the alleged conspiracy. Also, the State alleges that Mildred Gunther was an accomplice to the arson itself, and as an accomplice her statements also may be used. So there would be two bases for the admission of any statements made by both Mildred Gunter and Shirley Matthews.

DEFENSE COUNSEL: Again, Your Honor, there are no co-conspirators named, indicted or charged to my knowledge.

There are no accomplices named, indicted or charged to my knowledge. And to allow hearsay statements by this witness in, there has to be more than this witness' statements in order to allow the hearsay in.

PROSECUTOR: Your Honor, if you want to go back, outside the presence of the jury, you know, I'll give the Court a briefing on the issue, but the Court is well aware that the co-conspirators need not be charged and that is what the law of Arkansas is. The co-conspirators need not be charged in order for a conspiracy to exist and their statements to be admissible.

THE COURT: All right. Since the Court has been informed of the fact that Ms. Gunter is a co-conspirator and an accomplice, your motion, your objection, will be overruled and you will be allowed to pursue this testimony.

In her petition, Matthews alleged that, despite the objection, her counsel was ineffective at this point in her trial. Specifically, she argued that her counsel should not only have objected to the admissibility of Mildred Gunter's statements, but also to the manner in which they were introduced. Matthews suggested that a hearing should have been conducted, outside the presence of the

jury, to determine if there was enough independent evidence of a conspiracy, as required by the applicable Rule of Evidence. According to Matthews, it was error for the trial court to allow the introduction of Mildred Gunter's statements on the prosecutor's word that she was a co-conspirator. Matthews further argued that her attorney should have objected to certain individual statements as not being "in furtherance" of the alleged conspiracy.

The next allegation in Matthews's petition focused on the trial judge's statement at the end of the colloquy: "Since the Court has been informed of the fact that Ms. Gunter is a co-conspirator, and an accomplice, your motion, your objection, will be overruled . . ." Matthews asserts that her counsel should have lodged an objection to the trial court's statement because it amounted to an improper instruction to the jury on a factual issue — that Mildred Gunter was a co-conspirator and accomplice. Additionally, Matthews alleged that the statement also instructed the jury, to some extent, on Gunter's credibility as she later testified for the defense. According to Matthews, the trial judge's statement, "caused the jury to view the State's case as artificially strong, with the judge's improper imprimatur on the allegation of conspiracy. It also caused the jury to look askance at the defense case, since Mildred Gunter had been branded as a conspirator by the prosecutor and judge." Matthews argued further that contemporaneously with the trial judge's statement, her attorney should have sought to have the jury instructed according to AMCI 201, and should have also sought a repudiation of the statement by the trial judge.

In the letter opinion that accompanied the order denying relief, the Circuit Court found that Matthews's counsel was not ineffective for failing to object to the manner in which Mildred Gunter's statements were admitted into evidence. The Circuit Court reviewed the evidence introduced during the trial and found that there was "ample evidence, absent the alleged hearsay statements of Mildred Gunter, . . . to connect Mildred Gunter to the conspiracy." In other words, the existence of other evidence of a conspiracy justified the admission of the hearsay statements, and defense counsel did not perform deficiently by failing to object when the trial judge apparently accepted the prosecutor's

statements alone as indication of a conspiracy. The Circuit Court also ruled that defense counsel was not ineffective for failing to object to statements "not in furtherance of the conspiracy" because the alleged error was harmless.

On appeal, Matthews repeats her arguments concerning her attorney's failure to object to the manner in which the alleged hearsay statements were admitted, as well as his failure to object to the "improper" remarks by the trial judge and those statements that were allegedly not "in furtherance" of the conspiracy, as required by Arkansas Rule of Evidence 801(d)(2)(v). We conclude that Matthews is procedurally barred from raising these arguments on appeal, and therefore, we affirm.

We cannot reach Matthews's arguments concerning her attorney's alleged failure to attack the manner in which the hearsay statements were admitted, as well as his alleged failure to object to the introduction of those statements which were not in furtherance of the conspiracy. We cannot reach the merits of these arguments because Matthews has not abstracted all of the evidence that was introduced during her trial. Rather, she has only abstracted the relevant portions of Peggy Urick's testimony, Mildred Gunter's testimony for the defense, and the jury instructions.

As indicated above, the Circuit Court reviewed the other evidence that was introduced during the trial to conclude that counsel's failure to object to the admission of the statements pursuant to the prosecutor's "word" that a conspiracy existed was not deficient performance. The basis of the Circuit Court's conclusion was the existence of other evidence of a conspiracy that, beyond the prosecutor's statements, justified the admission of Mildred Gunter's statements.

Similarly, the Circuit Court also found that counsel's failure to object to the introduction of those statements that were not in furtherance of the conspiracy was "harmless." We take it that the Circuit Court found that the alleged error did not cause any prejudice to Matthews because there was other evidence that indicated the existence of a conspiracy to commit arson.

■ We do not have an abstract of that evidence before us, and consequently, we cannot review the Circuit Court's rulings on these two issues. A court considering a claim of ineffective assistance of counsel must view it through the perspective of the totality of the evidence put before the jury. *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995). Matthews's failure to abstract the trial testimony so that the totality of the evidence may be viewed precludes appellate review. *Pogue v. State*, 316 Ark. 428, 872 S.W.2d 387 (1994).

■ We also cannot reach Matthews's argument that her attorney was ineffective for failing to object to the improper comment made by the trial judge concerning Ms. Gunter's status as a co-conspirator and accomplice. As Matthews acknowledges in her brief, the Circuit Court did not rule on this issue, and consequently, we cannot reach it on appeal. Failure to obtain a ruling on an issue when the trial court denies a petition for postconviction relief precludes appellate review. *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996).

Affirmed.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

October 15, 1998

CR 97-267                                       975 S.W.2d 836

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Ass't Att'y Gen., for appellee.

PER CURIAM. In *Matthews v. State*, 333 Ark. 701, 970 S.W.2d 289 (1998), we affirmed the Circuit Court's denial of Shirley Matthews's petition for postconviction relief. Matthews has filed a petition for rehearing and a motion to file an amended petition. The amended petition appears to be only a refinement of the original. No new allegations of error are raised. As we can see that both the original and amended petitions are within the page limit set forth in Arkansas Supreme Court Rule 2-2, and both have been filed within the time allowed, we grant the motion and now consider the amended petition.

Our decision in Matthews's appeal was based on procedural grounds. The first of these grounds was Matthews's failure to abstract the trial fully. The second procedural ground was Matthews's failure to obtain a ruling from the Circuit Court on one of the issues she raised on appeal. In the petition, Matthews argues that our reliance on these procedural grounds constitutes an error of law. We disagree and deny the petition.

In the petition, Matthews argues that the portions of the trial that were not abstracted were unnecessary to the claims she raised on appeal, and therefore, there could be no procedural default on that basis. Matthews also argues that she should not be procedurally barred by the failure to obtain the ruling in Circuit Court. Specifically, Matthews contends that Arkansas Criminal Procedural Rule 37.2(d), which prohibits the filing of a petition for rehearing in the Circuit Court, deprived her of an opportunity to seek to have the omitted issue included in the Circuit Court's order.

In her postconviction appeal, Matthews raised several allegations of ineffective assistance of counsel that centered on an evidentiary objection made by her attorney. The circumstances of

the objection are set forth in detail in our opinion. One of Matthews's arguments was that her counsel should have objected to a statement the trial judge made as he was ruling on the objection. According to Matthews, the judge's statement improperly labeled a witness as a co-conspirator. It is with regard to this argument that Matthews alleges our opinion was in error.

As indicated above, Matthews takes issue with our conclusion that she did not adequately abstract her trial. She notes that an abstract of the entire trial was unnecessary to determine if her attorney was ineffective for failing to object to the trial judge's statements. She points out that she "assumed, arguendo" that there was sufficient evidence to prove the witness was a co-conspirator, and that her argument was that the statement, by itself, was prejudicial and constituted structural error. For all of these reasons, she asserts that it was unnecessary to abstract the entire trial for our review.

While we concluded that we could not reach the merits of Matthews's other arguments because of an inadequate abstract, we did not rely on that premise when we concluded that she was also procedurally barred from raising the argument about the judge's remarks. Rather, that issue was procedurally barred because Matthews failed to obtain a ruling in the Circuit Court. Accordingly, we need only to address Matthews's argument that she was precluded from seeking a ruling on the issue by Rule 37.2(d).

In our opinion, we relied on *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996), in which we held that the failure to obtain a ruling on an issue when the trial court denies a petition for postconviction relief precludes appellate review. Matthews argues, however, that she should not be procedurally barred on that basis because Arkansas Criminal Procedure Rule 37.2(d), which prohibits the filing of a petition for rehearing in the Circuit Court, precluded her from requesting that the Circuit Court change its order to include the omitted issue. We disagree.

Rule 37.2(d) provides:

> The decision of the court in any proceeding under this rule shall be final when the judgment is rendered. No petition for rehearing shall be considered.

In *McClendon v. State*, 293 Ark. 173, 735 S.W.2d 701 (1987), we had the opportunity to apply the rule. In that case, the circuit court concluded that McClendon did not receive effective assistance of counsel because his attorney failed to perfect an appeal from the conviction. Pursuant to this finding, the circuit court ordered a new trial. The State did not appeal that ruling, but did request that the circuit court reconsider its decision to grant McClendon a new trial. The circuit court reconsidered its decision and concluded that a belated appeal, rather than a new trial, was the appropriate remedy. We reversed this ruling because of Rule 37.2(d)'s explicit prohibition against petitions for rehearing.

In *McClendon v. State, supra*, we applied Rule 37.2(d) because it was clear that pursuant to the request of the State, the circuit court reversed itself. That is, there was a "rehearing" because the court reversed its decision on an issue that it had already considered and ruled upon.

In this case, the Circuit Court never ruled upon the issue concerning the judge's remarks. Thus, a request that the Circuit Court modify its order to include the omitted issue cannot be a request for a rehearing that is prohibited by Rule 37.2(d). Matthews's failure to obtain a ruling, therefore, leads to the procedural bar that we applied in our opinion.

Petition denied.