Albert BESHEARS *v.* STATE of Arkansas

CR 98-97                                                    8 S.W.3d 32

Supreme Court of Arkansas
Opinion delivered January 13, 2000

*Randel Miller, P.A.*, for appellant.

*Vada Berger*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This is a second appeal from the denial of appellant Albert Beshears's petition for postconviction relief pursuant to Ark. R. Crim. P. 37. *Beshears v. State*, 329 Ark. 469, 947 S.W.2d 789 (1997) (*Beshears II*). Mr. Beshears had entered a conditional plea of guilty to possession of a controlled substance with intent to deliver. Ark. R. Crim. P. 24.3(b). He appealed the denial of his motion to suppress evidence seized from his premises pursuant to a search warrant. We affirmed the trial court's denial of the motion to suppress. *Beshears v. State*, 320 Ark. 573, 898 S.W.2d 49 (1995). Mr. Beshears subsequently filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.

In the petition, Beshears alleged that his counsel was ineffective because he misled Mr. Beshears about the existence of an offer of a negotiated plea; because he failed to file a motion asking the trial judge to recuse; and because he represented a conflicting interest that adversely affected the defense. Mr. Beshears also alleged that his counsel was ineffective for participating, without his client's permission, in the division of monies seized by forfeiture. The court held a hearing and denied Mr. Beshears's request for postconviction relief.

We summarized Mr. Beshears's contentions in the first appeal:

> On appeal, Beshears contends that the Trial Court erred in denying relief on his claim that his counsel was ineffective because he represented a conflicting interest at the same time he represented Beshears. Specifically, he argues that his attorney also represented his brother, Eddie, on an unrelated charge; and that during that representation, Eddie made a statement that exculpated Beshears.

> Beshears contends that his attorney's choice not to use this statement on his client's behalf made his guilty plea involuntary and unintelligent. Beshears also makes a two-part argument concerning the recusal of the trial judge. He contends that the trial judge erred in denying his motion to recuse from the postconviction proceeding; and that it was error to deny relief on his claim that his counsel was ineffective for failing to file a motion to recuse prior to Beshears's conviction.

*Beshears v. State*, 329 Ark. at 471, 947 S.W.2d at 790. Although we concluded that the trial court did not abuse its discretion in denying the motion to recuse from the postconviction proceeding, we did not reach the merits of Mr. Beshears's other arguments concerning postconviction relief because the trial court did not enter any written findings of fact and conclusions of law as required by Ark. R. Crim. P. 37.3(c). *Id.* We reversed and remanded the case to the trial court for written findings of fact and conclusions of law on Mr. Beshears's claims for postconviction relief. *Id.*

On remand, the trial court entered an order that contained written findings of fact and conclusions of law. Mr. Beshears now appeals that order and argues, as he did in *Beshears II*, that he was denied the effective assistance of counsel because his attorney labored under a conflict of interest, and that the trial court clearly erred in ruling otherwise. In response, the State argues that the conflict-of-interest issue is not preserved for our review because the trial court did not address that particular issue in its order on remand.

■ It is the appellant's obligation to obtain a ruling at trial in order to properly preserve an issue for review. *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996). We stated in *Oliver* that when the trial court does not specifically rule on an issue when it denies Rule 37 relief, and when we cannot tell from the court's order whether the issue was considered or decided, the issue is not preserved for appellate review and we will not address the point. *Id.*; *see also Matthews v. State*, 333 Ark. 701, 970 S.W.2d 289 (1998).

■ Mr. Beshears candidly admits in his reply brief that the trial court's written findings do not specifically include a ruling on the conflict-of-interest issue. Therefore, that issue is not preserved for appellate review. Mr. Beshears, however, contends that the trial court's failure to address the conflict-of-interest issue on remand is

grounds for this court "to grant a new trial or dismiss the original criminal action." We disagree.

■ Rule 37.3(c) of the Arkansas Rules of Criminal Procedure provides that, following a hearing on the petitioner's request for postconviction relief, the trial court "shall determine the issues and make written findings of fact and conclusions of law with respect thereto." The trial court's original order denying postconviction relief did not contain written findings of fact or conclusions of law. In that circumstance, we will reverse and remand the case for written findings of fact and conclusions of law on the petitioner's claim for postconviction relief. *Beshears II, supra*. In contrast, the trial court's order on remand did contain written findings of fact and conclusions on several issues raised by Mr. Beshears in his petition for postconviction relief. In the later circumstance, we have held that it is the appellant's obligation to obtain a ruling on any omitted issues in order to preserve those issues for appeal. *Matthews v. State, supra; Oliver v. State, supra*.

■ In *Matthews, supra*, we specifically held that a request that the trial court modify its order to include an omitted issue is not a request for a rehearing that is prohibited by Rule 37.2(d). Thus, after the trial court entered its order on remand, Mr. Beshears could have asked the trial court to modify its order to include a ruling on the omitted conflict-of-interest issue. We note that he did in fact file a petition for reconsideration. That petition, however, did not request a ruling on the omitted issue, but instead requested that the trial court "reverse itself," which is prohibited by Rule 37.2(d). *Matthews v. State, supra*. Mr. Beshears failed to obtain a ruling on the conflict-of-interest issue. Consequently, we are precluded from addressing that issue on appeal.

Affirmed.