Damien Wayne ECHOLS *v.* STATE of Arkansas

CR 99-1060                                    42 S.W.3d 467

Supreme Court of Arkansas
Opinion delivered April 26, 2001
[Supplemental opinion on denial of rehearing
delivered June 7, 2001.*]

---

* GLAZE J., would grant. See dissenting opinion at 344 Ark. 522-C.

*Mandell & Wright, L.L.P.,* by: *Edward A. Mallett,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., and *James R. Gowen,* Jr. Ass't Att'y Gen., for appellee.

Donald L. Corbin, Justice. Appellant Damien Wayne Echols was charged, along with Jason Baldwin and Jessie Misskelley, with the murders of three eight-year-old boys, Michael Moore, Steve Branch, and Christopher Byers, that occurred on May 5, 1993, in West Memphis. Misskelley was convicted of one count of first-degree murder and two counts of second-degree murder and was sentenced to life imprisonment and a total of forty years' imprisonment, respectively. This court affirmed his convictions and sentences in *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702, *cert. denied*, 519 U.S. 898 (1996). Echols and Baldwin were subsequently tried together in the Craighead County Circuit Court and were each convicted of three counts of capital murder. Baldwin received life imprisonment without parole, while Echols was sentenced to death. This court affirmed their convictions and sentences in *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). Thereafter, the United States Supreme Court denied Echols's petition for writ of certiorari. *See Echols v. Arkansas*, 520 U.S. 1244 (1997). Echols subsequently filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied the petition, and this appeal followed. On appeal, Echols raises ten allegations of error. Our jurisdiction is pursuant to Rule 37 and Ark. Sup. Ct. R. 1-2(a)(8). We affirm the trial court's judgment in part, and we reverse and remand in part.

Echols initially challenges the sufficiency of the trial court's findings under Rule 37. The record reflects that Echols filed a total of four petitions for relief under Rule 37. The most recent one, the second amended petition, raised five general grounds for relief and contained forty-six specific claims. Eight days of hearings took place over the period from May 1998 to March 1999. In an order entered on June 17, 1999, the trial court generally denied nineteen of Echols's claims, specifically denied twelve claims, and completely omitted rulings on fifteen claims. As a result, Echols argues that the trial court's written findings in this case are insufficient, and that this matter should be remanded. We agree.

Rule 37.5 provides the postconviction procedure to be applied in death-penalty cases in which the defendant became eligible to file a Rule 37 petition on or after March 31, 1997. *See* Rule 37.5(k). Echols initially became eligible to file a petition on January 13, 1997, the date that this court entered the mandate following his direct appeal. This court subsequently granted Echols's motion to stay the mandate so that he could petition the Supreme Court for a writ of certiorari. The Court denied certiorari on May 27, 1997. Thereafter, on June 2, 1997, this court reissued the mandate.

Accordingly, Echols's postconviction claims are governed by Rule 37.5.

■ Rule 37.5(i) provides in part that when a hearing is held on the petition, "the circuit court shall, within sixty (60) days of the conclusion of the hearing, make specific written findings of fact with respect to each factual issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition." This provision was adopted from the "Arkansas Effective Death Penalty Act of 1997." *See* Ark. Code Ann. § 16-91-202(h)(1) (Supp. 1999) (requiring that "the judge shall make specific written findings of fact and shall expressly state the judge's conclusions of law relating to each issue raised in the petition for post-conviction relief"). Although this court has not been squarely presented with the opportunity to apply Rule 37.5(i), it has addressed the spirit and intention of that provision.

■ In *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999)[1], the appellant had been sentenced to death prior to the effective date of Rule 37.5. Thus, his postconviction proceedings were governed by Rule 37.3. On appeal, he argued that the trial court erred in denying his petition without a hearing. This court did not reach the merits of that issue, as it concluded that the trial court's order was insufficient under Rule 37.3(a). In reaching its decision, this court reviewed the policy considerations behind Rule 37.5:

> Rule 37.5 evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 1999), where the General Assembly expressly noted that *the intent of the Act is to comply with federal law by instituting a comprehensive state-court review. See* section 16-91-204; *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998) *(per curiam). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. Id.* Thus, "in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure that the denial rests on solid footing." *Id.* at 188-89, 964 S.W.2d at 185. Though Wooten received the death penalty, Rule 37.5 does not govern his postconviction review, as it came into effect after he became eligible to file a petition under Rule 37.2(c). *See* Rule 37.5(k). *Nonetheless, we believe that the intent and purpose of that rule reinforces the*

---

[1] *Wooten* was decided in October 1999, after the order was entered in this case. Thus, the trial court did not have the benefit of that holding.

*responsibility of the trial court to make specific written findings and conclu-
sions of law on each issue raised in the petition.*

*Id.* at 695–96, 1 S.W.3d at 10–11 (emphasis added).

The State contends that *Wooten* is distinguishable, because the order there was conclusory and contained no factual findings. Here, in contrast, the trial court made written findings and conclusions on some of the issues raised in Echols's petition. The State contends, therefore, that *Wooten* does not require a remand in this instance. Rather, the State asserts that it was Echols's obligation to obtain rulings on the remainder of the issues raised in his petition. The State relies on the cases of *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000), and *Matthews v. State*, 333 Ark. 701, 970 S.W.2d 289 (1998) (*per curiam*), in which this court held that where the trial court makes specific findings on some, but not all, of the issues raised in the petition, it is up to the defendant to obtain rulings on any omitted issues. The failure to do so renders those issues procedurally barred from consideration on appeal.

We disagree with the State's assertion that the holdings in *Beshears* and *Matthews* are controlling in this case. In the first place, neither of those cases involved appellants who had been sentenced to death. This court, like the Supreme Court, has recognized that death-penalty cases are different from other criminal cases, due to the obvious finality of the punishment. *See, e.g., Gregg v. Georgia*, 428 U.S. 153 (1976); *American Civil Liberties Union v. State*, 339 Ark. 314, 5 S.W.3d 418 (1999); *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988), *modified on other grounds, State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999). Consequently, this court's appellate review of death-penalty cases has always been more comprehensive than in other cases. *See Collins v. State*, 261 Ark. 195, 548 S.W.2d 106, *cert. denied*, 434 U.S. 878 (1977). Indeed, this court will allow an appellant under a sentence of death to raise issues for the first time on appeal from the denial of postconviction relief, where prejudice is conclusively shown by the record. *See Jones v. State*, 340 Ark. 1, 8 S.W.3d 482 (2000); *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995).

In the second place, *Beshears* and *Matthews* were decided under Rule 37.3(c), which differs considerably from the language in Rule 37.5(i). Rule 37.3(c) provides in pertinent part that the trial court *"shall determine the issues* and make written findings of fact and conclusions of law *with respect thereto."* (Emphasis added.) Under that rule, the trial court has the ultimate authority to determine

what issues must be addressed in a written order. Rule 37.5(i), on the other hand, provides a more exacting duty, mandating that the trial court "make specific written findings of fact *with respect to each factual issue raised by the petition* and specific written conclusions of law *with respect to each legal issue raised by the petition.*" (Emphasis added.) Thus, under Rule 37.5(i), the petitioner determines the issues that must be addressed by the trial court in a written order.

■ Furthermore, as pointed out in *Wooten*, 338 Ark. 691, 1 S.W.3d 8, the purpose of the exacting requirements of Rule 37.5 is to provide a *comprehensive* state-court review of a defendant's claims and, therefore, eliminate the need for multiple postconviction actions in federal court. *See also Jackson v. State*, 343 Ark. 613, 37 S.W.3d 595 (2001) (holding that Rule 37.5 requires a heightened standard of review of death cases). Thus, to deny review of issues raised in death cases on a purely procedural basis, without first exercising great care to assure that the denial rests on solid footing, would clearly thwart that purpose.

■ In sum, because Echols has been sentenced to death, we remand this case to the trial court for entry of a written order in compliance with Rule 37.5(i) and this court's holding in *Wooten*. We limit, however, the trial court's duties on remand to making factual findings and legal conclusions only as to the issues raised by Echols on appeal, as all other claims raised below but not argued on appeal are considered abandoned. *See, e.g., Hale v. State*, 343 Ark. 62, 31 S.W.3d 850 (2000); *King v. State*, 323 Ark. 671, 916 S.W.2d 732 (1996); *Fink v. State*, 280 Ark. 281, 658 S.W.2d 359 (1983). Thus, this remand should not be construed by Echols as an opportunity to reopen the evidence or to raise new issues. Additionally, to avoid any lengthy delay in this matter, the order is to be completed within sixty days from the date the mandate is issued. We will then consider the issues raised on appeal.

■■ Notwithstanding our decision to remand this matter, we may address the merits of Echols's contention that the trial judge should have recused from the Rule 37 proceedings. *See Beshears v. State*, 329 Ark. 469, 947 S.W.2d 789 (1997) (*per curiam*). This court has consistently held that the judge who presides over a defendant's trial may also preside over that defendant's postconviction proceeding. *See Bryant v. State*, 323 Ark. 130, 913 S.W.2d 257 (1996) (*per curiam*); *Travis v. State*, 283 Ark. 478, 678 S.W.2d 341 (1984). Furthermore, despite Echols's argument to the contrary, "recusal is not required when some of the judge's rulings are considered in the Rule 37 proceedings." *Bryant*, 323 Ark. at 133, 913 S.W.2d at 259

(citing *Holloway v. State*, 293 Ark. 438, 738 S.W.2d 796 (1987); *Meyers v. State*, 252 Ark. 367, 479 S.W.2d 238 (1972)). A trial judge's decision not to recuse from a case is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. *Beshears*, 329 Ark. 469, 947 S.W.2d 789 (citing *Bryant*, 323 Ark. 130, 913 S.W.2d 257). To decide whether there has been an abuse of discretion, this court reviews the record to determine if prejudice or bias was exhibited. *Id.* (citing *Reel v. State*, 318 Ark. 565, 886 S.W.2d 615 (1994)). It is the appellant's burden to demonstrate such bias or prejudice. *Id.*

■ Here, the trial court found that Echols failed to show either bias or prejudice and therefore failed to carry his burden. On appeal, Echols does not argue that the trial judge was biased or prejudiced against him. Instead, he contends that the trial judge should have recused because of the alleged conflict between the judge's role as trial judge and his role as a potential witness at the Rule 37 proceedings. This allegation is insufficient to overcome the presumption that the trial judge is impartial. *See, e.g., Walls v. State*, 341 Ark. 787, 20 S.W.3d 322 (2000); *Gates v. State*, 338 Ark. 530, 2 S.W.3d 40 (1999). We thus affirm the trial court's ruling on this issue.

Affirmed in part; reversed and remanded in part.

GLAZE, J., dissents.

HANNAH, J., concurs in part; dissents in part.

JIM HANNAH, Justice, concurring in part; dissenting in part. The court remands this case to the trial court to make written factual findings and legal conclusions as to issues raised by Echols in his Rule 37 petition. While I agree that the trial court must make specific written findings of fact, and must also expressly state the conclusions of law relating to each issue raised in the petition, I do not agree that the trial court in this case failed to meet this burden on each and every issue raised by Echols. Specifically, the trial court made specific findings and conclusions of law on the assertion the trial judge should have recused because he presided over the criminal trial, on the issue of the bite marks as new evidence, and on the issue of a biased jury. The trial court should not have to revisit these issues.

TOM GLAZE, Justice, dissenting. The majority opinion reaches an absurd result in construing this court's own

rule, Ark. R. Cr. P. 37.5, in the manner it does. All criminal defendants must be afforded due process of law at trial or Rule 37 proceedings, but even in death-penalty cases, defendants must raise their arguments and obtain a ruling at trial or postconviction hearing. Even on direct appeals, we have held that defendants must raise constitutional issues at trial, rather than waiting to raise them later in Rule 37.5 proceedings. *See Nooner v. State*, 339 Ark. 253, 4 S.W.3d 997 (1999); *see also Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000).

While the majority opinion mentions Act 925 of 1997, codified as Ark. Code Ann. §§ 16-91-201 *et seq.*, the Arkansas Effective Death Penalty Act, as supporting its interpretation of Rule 37.5, the court is clearly wrong. In fact, the court's interpretation runs directly counter to the ends of justice intended and sought by the General Assembly, as described in Act 925's emergency clause:

> It is found and determined by the General Assembly of the State of Arkansas that the *current system* for carrying out a sentence of death *is hopelessly fraught with endless litigation in state and federal court which undermines the deterrent value of the death penalty and imposes a needless financial burden on the state's resources, while depriving death row inmates of the right to obtain speedy relief on any meritorious constitutional claims.* (Emphasis added.)

Here, where Echols believed the circuit court's postconviction order was insufficient or conclusory in parts, he had the duty, if dissatisfied with the trial court's order, to request the trial court to modify its order to provide further evidentiary findings and conclusions of law. *See Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32; *Matthews v. State*, 333 Ark. 701, 970 S.W.2d 289 (1998).[1] To hold that a defendant-petitioner no longer is required to make such a request only encourages a defendant-petitioner to stand mute at Rule 37

---

[1] Compare today's case of *Beulah v. State*, CR00-144, opinion delivered April 26, 2001, where this court seems to take a somewhat conflicting approach in another capital murder case. There, Beulah argued that, under the terms of Ark. Code Ann. § 9-27-318(g) (Supp. 1999), the trial judge should have provided written findings upon denying the transfer of his case to juvenile court. Our court rejected Beulah's argument and held it was unnecessary to remand for additional findings. In analogizing § 9-27-318(g) to ARCP Rule 37.5, this court opined that the statute does not contain language like that in the Rule, which provides the circuit court shall make specific written findings of fact with respect to each factual issue raised by the petition. While the identical language in Rule 37.5 is not employed in § 9-27-318(g), the statute's terms require the same duties of the circuit judge, namely, "the court shall make written findings and consider all of the [ten] factors [specifically] listed in the statute."

proceedings and to delay raising any objections he or she may have until after filing an appeal. Echols's counsel was well aware of what objections he· had · with the trial court's findings, but he never mentioned them so the trial judge could address and rule on them. When the defendant–petitioner and the State fully develop a record at a Rule 37 hearing, there is absolutely no reason — except a quest for delay — to allow a party to complain of the trial court's order being insufficient. Echols's counsel knew the evidence introduced at the hearing, and, as the petitioner, he knew (or should have known) the trial court could have provided any additional or needed evidence and findings if the petitioner had only objected and asked the trial judge to do so.

This appeal and the record consists of more than 1800 pages. Both the State and Echols presented volumes of evidence that bore in detail on the merits (or lack of merits) of the 46 issues raised by Echols's Rule 37 petition. Our court on review has ample evidence before it to decide all issues which were properly preserved below. *It is an absolute waste of time for this court to send this case back to the trial court to cover the very same evidence bearing on the same issues a second time. The majority opinion recognizes this fact by admonishing Echols's counsel that this court's remand is not to be construed as an opportunity to reopen the evidence or to raise new issues.* Such an admonition under-scores that this court has ·sufficient evidence now before it to address and rule on Echols's appeal.

It is important to reemphasize that, when this case is again before the trial court, the trial judge will be left to review the same record we now have before us; he will merely transpose the evidence already in the record and add it to the findings listed in the judge's final order denying Echols's petition.[2] After doing so, nothing will have been changed, including the judge's initial decision. Predictably, on remand, Echols will want to open the record to produce additional evidence, even though his case has been fully tried; the record is complete and further evidence is unnecessary.

Because of today's majority opinion, Echols, at the conclusion of the hearing on remand, will have no obligation to inform the trial court whether he is satisfied with ·the judge's new findings. Thus, this court can expect, yet again, a future request for another appeal and remand based on allegations that the trial court's "new"

---

[2] The trial judge, in my view, should request counsel for both parties to present him with specific written findings of fact and conclusions of law so the trial judge can comply with the time constraints set out in Rule 37.5(i).

findings are insufficient. More delays can be expected, which fails to comport with Arkansas's Effective Death Penalty Act. Echols has been afforded counsel, a fair hearing and an opportunity to raise any issue he chose, including constitutional ones. In short, he has been afforded constitutional due process. To allow a defendant-petitioner to stand mute at a Rule 37 hearing and to hold the presiding judge erred on issues that he was never asked to address, only fosters needless delays and gamesmanship by counsel. Even death-penalty cases should not permit such an abuse of the judicial system.

Because I think the record is fully and sufficiently developed to reach the merits of this case, I would decide this case without further delay.

---

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

June 7, 2001

42 S.W.3d 467

*Mandell & Wright, L.L.P.,* by: *Edward A. Mallett*; and *Alvin Schay,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., and *James R. Gowen, Jr.,* Ass't Att'y Gen., for appellee.

PER CURIAM. The State has filed a petition for rehearing in this case, claiming that this court committed an error of

law when it remanded this case for the trial court to make specific findings under Ark. R. Crim. P. 37.5(i), but only as to the issues raised on appeal. The State asserts that it is inconsistent for this court to hold that the issues not raised by Echols on appeal are abandoned on remand, while refusing to hold that the issues raised on appeal, but not specifically ruled on below, are not procedurally barred. In other words, the State claims that Echols's refusal to obtain rulings on particular issues after the hearing equates to his having abandoned those issues below. We disagree.

The State's argument fails to recognize whose burden it is to make factual findings in a Rule 37 death case. Clearly, under Rule 37.5(i), the burden is placed squarely on the shoulders of the trial court to make specific written findings of fact and conclusions of law on each issue raised in the petition. As clearly pointed out in our decision, the reason behind the adoption of such an exacting requirement is to enable a meaningful and comprehensive state-court review of postconviction issues in death cases. Under Rule 37.5, the defendant is allowed to raise as many issues as he chooses that may demonstrate that his conviction and death sentence were illegally and unconstitutionally obtained. Once the issues are raised, the trial court then must make a determination whether a hearing is necessary. *See* Rule 37.5(h). Regardless of whether a hearing is held, however, the trial court's duty is the same — to make specific written findings of fact and conclusions of law on each issue raised in the petition. The trial court's duty is not lessened by the defendant's failure to expand upon or fully develop his claims during the hearing. This would effectively result in placing additional burdens on those defendants who are given a hearing under the rule.

In contrast, the trial court plays no role in deciding which issues the defendant may or will raise on appeal. Instead, the defendant makes a conscious choice as to which issues of alleged error he wants to pursue on appeal. The defendant may raise all issues decided against him below, or he may choose to pursue only some of those issues. When he makes that choice, however, he has effectively waived consideration of the other issues not pursued. But this waiver is not one that is done inadvertently or accidentally; rather, it is a choice that is made deliberately. Thus, it is not so much a procedural bar, as the State asserts.

That being said, there may come a time when this court is presented with a claim that the trial court's failure to make specific written findings and conclusions on each issue, as required under

Rule 37.5(i), interfered with the defendant's ability to choose which issues he would pursue on appeal. Stated another way, the defendant may argue that without rulings on each issue, it is impossible to assess which rulings may be assigned as error on appeal. In such a case, this court would likely have to remand for the trial court to make findings and conclusions on all the issues raised in the petition. That is not necessary here, however, as Echols made no such argument to this court.

█ Accordingly, we deny the State's petition. There is nothing inconsistent in this court's opinion that would require rehearing. In any event, if this court were to grant rehearing, the State would be no better off than it is now. We see no benefit to anyone involved to order the trial court to make specific written findings and conclusions on each of the forty-six individual claims raised by Echols in his petition, as he has already chosen which issues to pursue on appeal. In short, there is no reason to grant the petition and belabor this case any further.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. My main concern regarding this court's interpretation of its own rule, Ark. R. Crim. P. 37.5(i), is that it portends substantial delays in death-penalty cases. Such delays should not be countenanced, since they run counter to the defendant's right to a speedy trial. While the majority opinion appears to rely on the Arkansas Effective Death Penalty Act of 1997 to support the court's decision, the General Assembly emphasized it passed the Act because Arkansas's system for carrying out a death sentence had been hopelessly fraught with endless litigation in state and federal court. The system undermined the deterrent value of the death penalty and imposed a needless financial burden on the state's resources, while depriving death-row inmates of the right to obtain speedy relief on any meritorious constitutional claims. This court's interpretation of its rule and the Arkansas Effective Death Penalty Act only insures that extended trials and delays will continue in the future. Such a result is adverse to everyone's meritorious interests.