Charles A. "Jack" WALLS, III *v.*
STATE of Arkansas

CR 99-1267                                     20 S.W.3d 322

Supreme Court of Arkansas
Opinion delivered June 29, 2000
[Petition for rehearing denied September 7, 2000.]

*Lance L. Hanshaw*, Judge;

*Hubert W. Alexander*, for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. The appellant, Charles A. "Jack" Walls, III, appeals from a judgment of conviction for six counts of rape, following a resentencing in which he was sentenced to three life terms and three forty-year terms. The three life terms were fixed to run concurrently with each other, as were the three forty-year terms. The three forty-year terms, however, were to run consecutively to the life terms. Walls now appeals on grounds that the trial judge, Judge Lance Hanshaw, was biased at the resentencing hearing and should have recused or, alternatively, permitted him to withdraw his guilty and *nolo contendere* pleas. We hold that there was no abuse of discretion in Judge Hanshaw's denial of the recusal motion or in his denial of Walls's second motion to withdraw his guilty and *nolo contendere* pleas. We additionally conclude that based on the record before us, it appears that Judge Hanshaw has violated the Arkansas Code of Judicial Conduct. Accordingly, we direct the clerk of this court to forward a copy of this opinion to the Arkansas Judicial Discipline and Disability Commission for action.

This is the second appeal we have had on Walls's sentencing. In *Walls v. State,* 336 Ark. 490, 986 S.W.2d 397 (1999) (*Walls I*), which was handed down by this court on March 4, 1999, we held that Judge Hanshaw had abused his discretion when he allowed testimony about the Stocks murders to be introduced as part of victim-impact evidence and then stated at sentencing that he held Walls responsible for those murders when he set Walls's sentence. We, accordingly, reversed the sentences and remanded the case to the trial judge for resentencing. It is the subsequent resentencing that is at issue in this appeal.

The chronology of events is important to our resolution of this matter. On January 22, 1998, Judge Hanshaw conducted a sentencing hearing following Walls's plea of guilty to five counts of rape and a plea of *nolo contendere* to one count of rape. Walls had been a boy scout leader, and the rapes were perpetrated against boy scouts under his care. On February 4, 1998, Judge Hanshaw sentenced Walls to four life terms and two forty-year terms, with all sentences to run consecutively.

On the day of the sentencing, Judge Hanshaw made statements to reporters from two television stations. Channel 7, the ABC

affiliate in Little Rock, reported that Judge Hanshaw stated he had sent to prison more than half a dozen young men who were victimized by Walls. That same day, according to Channel 11, the CBS affiliate in Little Rock, Judge Hanshaw met with the victims of the rapes and the victims's families and gave them a book, *The Wounded Heart: Hope for Adult Victims of Childhood Sexual Abuse.*

The sentences meted out by Judge Hanshaw on February 4, 1998, were appealed to this court. On March 4, 1999, this court handed down *Walls I* in which we reversed the sentences and remanded the case for resentencing, as already discussed. On March 4, 1999, Judge Hanshaw told a reporter for Channel 4, the NBC affiliate in Little Rock, that he did not base Walls's sentence on the Stocks murders and that the Stocks murders had nothing to do with the sentence. Also on that date, Judge Hanshaw told a Channel 11 reporter that the Walls sentences were within the parameters of the sentencing guidelines. A petition for rehearing was filed by the State, and it was denied by this court on April 15, 1999.

After we remanded this case to Judge Hanshaw, Walls filed several motions. On June 4, 1999, Walls moved for Judge Hanshaw to recuse because (1) he was tainted by the prejudicial evidence introduced at the first sentencing hearing, (2) he made public comments to the media exhibiting prejudice, and (3) he held an improper *ex parte* meeting with the victims and their families and gave them a book. Walls asserted that Judge Hanshaw had violated the Arkansas Code of Judicial Conduct and could not be fair at resentencing. He stated that any resentencing would be "politically motivated."

Also on June 4, 1999, Walls moved to withdraw his pleas of guilty and *nolo contendere* under Ark. R. Crim. P. 26.1(a), on grounds that Judge Hanshaw was biased and that the resentencing would constitute a manifest injustice. On June 9, 1999, Judge Hanshaw declined to recuse and denied the motion for withdrawal of the guilty and *nolo contendere* pleas. Walls renewed the motions and asked for a hearing to present evidence, including videotapes depicting his public comments to the television stations and the *ex parte* meeting. That motion was denied on June 21, 1999. On June 22, 1999, Walls petitioned this court for a writ of prohibition to halt the resentencing on grounds that Judge Hanshaw was biased. We denied the petition without prejudice to raise the issue in a direct appeal.

On June 23, 1999, Judge Hanshaw conducted a resentencing hearing. Only two witnesses testified: Karen Knox, the mother of one victim, and Joy Cook, who worked for the prosecutor's office and who testified about Judge Hanshaw's meeting with the victims and their families on January 22, 1998, and the gift of the book, *The Wounded Heart*. Following the hearing, Judge Hanshaw sentenced Walls to three life terms and three forty-year terms. After his pronouncement of sentence, Judge Hanshaw permitted Walls to proffer into evidence the videotapes of the judge's comments to television reporters.

■ Walls's central issue on appeal is that Judge Hanshaw erred in failing to recuse from this case prior to the second sentencing hearing. Walls concentrates on the errors committed by the judge at the first sentencing hearing, where prejudicial testimony was permitted into evidence. He further emphasizes the public comments made by the judge to the news media as well as the *ex parte* meeting with the victims and their families and the gift of the book. Walls points to the Arkansas Code of Judicial Conduct and specifically to three canons:

> Canon 1 — A judge shall uphold the integrity and independence of the judiciary.
>
> Canon 2 — A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.
>
> Canon 3 — A judge shall perform the duties of the judicial office impartially and diligently.

Under the rubric of Canon 3, Walls urges that Judge Hanshaw violated (1) subsection B(7) by initiating *ex parte* communications with the victims and their families following the first sentencing on February 4, 1998, without the presence of defense counsel, and (2) subsection B(9) by publicly commenting on a pending proceeding on both February 4, 1998, and March 4, 1999, when the comments might reasonably be expected to affect the outcome of the proceeding or affect its fairness. We agree, as already stated, that based on what we have before us, there appear to be violations of the Judicial Code.

■ That leaves us with the question of whether a violation of the ethical rules set out in the Judicial Code manifests or equates to bias and, thus, ineligibility to preside over the Walls resentencing.

We conclude that Judge Hanshaw's apparent ethical lapses do not decide the bias issue. As an initial matter, this court has been resolute in holding that reversal and remand due to error by the trial judge do not automatically require recusal of the trial judge who erred. *See, e.g., Wilson v. Neal*, 341 Ark. 282, 16 S.W.3d 228 (2000). A judge has a duty to sit on a case unless there is a valid reason to disqualify. *Carton v. Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). In addition, this court does not presume bias on the part of a trial judge but rather presumes impartiality. *Wilson v. Neal, supra; Black v. Van Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998); *Skokos v. Skokos*, 332 Ark. 520, 968 S.W.2d 26 (1998). The decision to recuse lies within the discretion of the judge, and to decide whether there has been an abuse of discretion, we review the record to see if prejudice or bias was exhibited. *Black v. Van Steenwyk, supra; Dolphin v. Wilson*, 328 Ark. 1, 942 S.W.2d 815 (1997); *Reel v. State*, 318 Ark. 565, 886 S.W.2d 615 (1994).

■ We discern no bias on the part of Judge Hanshaw in his resentencing so as to warrant a third sentencing. We address the March 4, 1999, statements first. Judge Hanshaw's comments that he was not influenced by the Stocks murders and that the terms fixed were within the sentencing guidelines, while inappropriate and ethically suspect under the Judicial Code, fall more into the category of disagreement with this court's decision rather than bias. But in addition to that, we glean from the record no suggestion of prejudice on the part of Judge Hanshaw towards Walls after *Walls I*. On the contrary, at the resentencing hearing, Judge Hanshaw permitted counsel for Walls to proffer videotapes of the televised newscasts for the record, although the proffer was not timely and occurred after sentencing. He further reduced the sentence on one count from that handed down at the first sentencing hearing and ran some of the sentences concurrently. The new sentences were within the statutory limits.

■ We turn then to the statements made by Judge Hanshaw during the first Walls sentencing on February 4, 1998, and the public comments and *ex parte* meeting that same day. Canon 3E(1) does provide that a judge shall disqualify himself "in a proceeding in which the judge's impartiality might reasonably be questioned...." However, we have held that recusal is a matter that is discretionary with the trial judge, and we will not reverse unless the trial judge abuses that discretion. *Black v. Van Steenwyk, supra; Dolphin v. Wilson, supra; Reel v. State, supra*. Plus, as already cited, we do not

presume prejudice on the part of the trial judge. *Wilson v. Neal, supra.* On the contrary, we presume that the trial judge is impartial. *Id.* In the instant case, mere suspicion or conjecture that the judge's heart and mind were so tainted by events that occurred more than a year earlier that he could not view the matter afresh on remand is not enough. We take as a given that a judge is able to preside over a matter on remand with a clean slate, absent proof or some indication to the contrary. The record in this matter simply does not support Walls's contention that Judge Hanshaw was biased towards him at the resentencing. For all of these reasons, we hold that the trial judge did not abuse his discretion in declining to recuse in this matter.

■■ There are two other issues raised by Walls for reversal. The first is that Judge Hanshaw's failure to recuse for all the reasons already stated violated his due process rights. Walls, however, failed to obtain a ruling on this point from the trial judge and, thus, has waived the issue for purposes of appeal. *Newman v. State,* 327 Ark. 339, 939 S.W.2d 811 (1997). Furthermore, Walls cites us to no authority in support of his constitutional argument. He simply makes the bald statement that his due process rights have been violated. That conclusory statement is not enough, and this court will not develop the constitutional issue for him. *Ayers v. State,* 334 Ark. 258, 975 S.W.2d 88 (1998).

■ Walls finally contends that he should be able to withdraw his guilty and *nolo contendere* pleas due to bias on Judge Hanshaw's part, because that equates to manifest injustice under Ark. R. Crim. P. 26(a)(1). Again, Walls presents this court with no convincing authority to support the contention that Judge Hanshaw abused his discretion in disallowing a withdrawal of his pleas. *Ayers v. State, supra.* And because we hold that there was no proof of bias so as to warrant recusal, Walls's argument of manifest injustice is substantially undercut.

The record has been reviewed in his case for other reversible error pursuant to Ark. Sup. Ct. R. 4-3(h), and none has been found.

Affirmed.