Cite as 2019 Ark. 300

# SUPREME COURT OF ARKANSAS

No. CR-16-778

| | |
|---|---|
| TYRUN LAMONT JONES<br>PETITIONER | **Opinion Delivered** October 24, 2019 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION, NO. 60CR-15-469] |
| | PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Tyrun Lamont Jones was found guilty by a jury of second-degree murder and being a felon in possession of a firearm for which he was sentenced to an aggregate sentence of 300 months' imprisonment with a firearm enhancement of 180 months' imprisonment. The Arkansas Court of Appeals affirmed. *Jones v. State*, 2017 Ark. App. 286, 524 S.W.3d 1. Jones now brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends that the trial judge was biased and that newly discovered evidence indicates he is actually innocent. Because we find that Jones's claims do not establish a ground for the writ, the petition is denied.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been

affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475. A coram nobis action does not provide the petitioner with a means to retry his or her case. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or

2

(4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Jones first contends that the trial judge was biased because "by his own admission [he met] with the victim's father[,] Michael Booker[,] . . . (a lawyer) in his chambers . . . [and] stated that Mr. Booker came from 'his part of the country.'" Jones fails to demonstrate that he is entitled to coram nobis relief. While a claim of judicial bias may be recognized as a ground for relief in coram nobis proceedings, the petitioner must demonstrate actual bias and that the judge's bias manifested in a manner that was hidden and could not have been challenged at the time of trial. *See Martinez-Marmol*, 2018 Ark. 145, 544 S.W.3d 49; *see also Brown v. State*, 2012 Ark. 399, 424 S.W.3d 288. Jones makes no claim that any rulings were adverse and merely contends that the judge should have recused or disqualified himself under Rule 2.11 of the Arkansas Code of Judicial Conduct because he spoke with the victim's father, an attorney. Jones's claim is not extrinsic to the record and does not demonstrate any actual bias. On the record, it was clear that the judge spoke with the victim's father, who was not a trial witness, and that counsel for Jones indicated that they were familiar with the victim's father and that the victim's parents could remain in the courtroom during the trial. Jones's claim here is nothing more than a claim of trial court error, which is not cognizable in a coram nobis proceeding. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Assertions of trial error that were raised at trial, or which could have been raised at trial, are not within the purview of a coram nobis proceeding. *Id.*

For his second claim, Jones contends that he is actually innocent based on newly discovered evidence. Specifically, Jones contends that he has affidavits that clarify that "Lil O" or "Little O," who is referenced throughout the investigation, and "Little Q," who was referenced in a police report, are not the same person, which proves his innocence.[1] Here, Jones's allegation fails to state a claim for coram nobis relief. Jones's claim of actual innocence does not fall within one of the four categories recognized for coram nobis relief. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Furthermore, the existence of Williams, known as "Little O", is not extrinsic to the record because Jones testified that Williams was with him at Shorter Gardens, where the offense was committed. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. Moreover, Jones's claim that this purported newly discovered evidence proves his actual innocence is no more than a challenge to the sufficiency of the evidence adduced at trial. An attack on the sufficiency of the evidence constitutes a direct attack on the judgment and is not within the purview of a coram nobis proceeding. *Grady v. State*, 2017 Ark. 245, 525 S.W.3d 1. Allegations that the evidence presented at trial was not sufficient to support a finding of the defendant's guilt are issues to be addressed at trial and, when appropriate, on the record on direct appeal. *Jackson*, 2017 Ark. 195, 520 S.W.3d 242.

---

[1] One affidavit provided by Jones is from Oliver Williams, who identifies himself as "Little O," and states that he was with Jones, and although he did not know or remember who shot the victim, he was sure that Jones did not shoot the victim. The second affidavit from Bracon Reed states that Jones did not shoot the victim and also fails to state who did shoot the victim. Jones also attached a supplemental narrative from the North Little Rock Police Department to his petition that is not a part of his direct-appeal record; however, that narrative identified "Little O" as Quincy Omar Wilbon.

Petition denied.

HART, J., concurs.

*Tyrun Lamont Jones*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.