Cite as 2021 Ark. 194

# SUPREME COURT OF ARKANSAS

No. CR-99-1267

CHARLES A. "JACK" WALLS III

PETITIONER

V.

STATE OF ARKANSAS

RESPONDENT

Opinion Delivered: October 28, 2021

PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS
[LONOKE COUNTY CIRCUIT COURT, NOS. 43CR-93-236; 43CR-97-276]

PETITION DENIED.

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Charles A. "Jack" Walls III pleaded guilty to five counts of rape and nolo contendere to one count of rape, for which he was sentenced to three terms of life imprisonment and three forty-year terms. *Walls v. State*, 341 Ark. 787, 20 S.W.3d 322 (2000). The life terms were to run concurrently with each other, as were the three forty-year terms. The three forty-year terms, however, were to run consecutively to the life terms.[1] *Id.* at 389, 20 S.W.3d at 323. Walls appealed, and this court affirmed. *Id.* Walls now brings this pro se

---

[1]Walls was originally sentenced to two forty-year terms and four life terms to be served consecutively. *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999). Walls appealed, including a claim that the circuit judge erred by allowing, and considering for sentencing purposes, irrelevant evidence relating to Walls's culpability in murders committed by a different individual. This court agreed, and we reversed and remanded for resentencing. *Id.* at 492, 986 S.W.2d at 398.

petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends that the trial judge was biased and that a motion to withdraw his guilty plea should have been granted. Walls makes an alternative claim for recall of the mandate. Because none of Walls's claims establish grounds for the writ, the petition is denied.[2]

Walls was a Boy Scout troop leader who sexually molested boys under his care. After Walls pleaded guilty to four counts of rape and nolo contendere to one count of rape, the trial judge conducted a sentencing hearing. During the hearing, the prosecutor called Walls's victims as witnesses as well as some of the victims' parents and grandparents. The focal point of the hearing was testimony "related to the impact of Walls's actions, and the rapes in particular, on the lives of the boys." *Walls*, 336 Ark. at 493, 986 S.W.2d at 399. After his sentencing, Walls appealed, contending the trial judge erred by allowing and considering, for sentencing purposes, irrelevant evidence relating to Walls's culpability for the murder of the Stocks family.[3] *Id.*, 986 S.W.2d at 399. This court determined that the trial judge abused his discretion when he allowed evidence of Walls's involvement in the Stocks murders and

---

[2]Although Walls contends that he is entitled to recall of the mandate, motions to recall the mandate are applicable to redress errors in the appellate process, meaning an error this court made or overlooked while reviewing a case in which the death penalty was imposed. *See Ward v. State*, 2015 Ark. 61, 455 S.W.3d 818. The death penalty was not imposed in Walls's case, and Walls has failed to allege extraordinary circumstances that would permit reopening the case by recalling the mandate in his direct appeal. *See Barnett v. State*, 2020 Ark. 222, 601 S.W.3d 409.

[3]Heath Stocks was one of Walls's victims and had pled guilty to three counts of capital murder in the deaths of his family members.

when he held Walls responsible for those murders in fixing Walls's sentence. As stated, the matter was reversed and remanded. *Id.* at 499, 986 S.W.2d at 402.

After Walls was resentenced, he appealed, arguing that the trial judge was biased at the resentencing hearing and should have recused himself or, alternatively, that the trial judge should have permitted him to withdraw his guilty and nolo contendere pleas. *Walls*, 341 Ark. at 789, 20 S.W.3d at 323. This court held that the trial judge did not abuse his discretion by failing to recuse himself or by denying Walls's second motion to withdraw his guilty and nolo contendere pleas.[4] *Id.* at 793, 20 S.W.3d at 326.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the

---

[4]We did conclude on the record before us at the time that the trial judge, Judge Lance Hanshaw, violated the Arkansas Code of Judicial Conduct, and we directed the clerk of this court to forward a copy of the opinion to the Arkansas Judicial Discipline and Disability Commission for action. *Walls*, 341 Ark. at 789, 20 S.W.3d at 323.

burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

Walls contends that he is entitled to issuance of the writ because he was subjected to coercion "under the direct domination of the trial court" during the guilty-plea and sentencing proceedings. Walls notes that he filed a motion to withdraw his pleas of guilty and nolo contendere and for the trial judge to recuse himself when the matter was remanded for resentencing and that he now seeks relief not only for coercion of his pleas but also for the trial judge's failure to recuse himself. Essentially, Walls argues that the risk of bias on the part of the trial judge was too high to allow confidence that the case was adjudicated fairly and that his motion to withdraw his guilty pleas and for the trial judge's recusal should have been granted. Walls's claims do not entitle him to coram nobis relief.

Walls appears to raise a cognizable claim regarding his claim of a coerced guilty plea, but the nature of his arguments indicates otherwise. Walls's claim initially falls under the guise of a coerced guilty plea, but the crux of his argument centers on a claim of judicial bias—as he makes no argument regarding how his pleas were coerced outside of his own self-serving claim that he was simply coerced. Although a claim of judicial bias may be recognized as a ground for relief in coram nobis proceedings, the petitioner must demonstrate actual bias and that the judge's bias manifested in a manner that was hidden and could not have

4

been challenged at the time of trial.[5] *Jones v. State*, 2019 Ark. 300, 585 S.W.3d 677; *see Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Walls essentially contends that he should be entitled to relief because the trial judge was biased and was reported to the Arkansas Judicial Discipline and Disability Commission. Walls's claim is not extrinsic to the record and does not demonstrate actual bias because his specific arguments regarding the motion to withdraw and to recuse have previously been addressed and rejected by this court on appeal.[6] *See Jones*, 2019 Ark. 300, 585 S.W.3d 677.

Petition denied.

*Charles A. "Jack" Walls III*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for respondent.

---

[5]When a defendant enters a plea of guilty, the plea is his trial. *Trammel v. Kelley*, 2020 Ark. 342, 610 S.W.3d 158.

[6]Walls contends the trial judge's bias equates to a manifest injustice—an argument Walls has previously raised on appeal. However, he presents no convincing authority or argument to support the contention that the trial judge abused his discretion by disallowing a withdrawal of Walls's pleas or that the trial judge should have recused himself. *See Walls*, 341 Ark. 787, 20 S.W.3d 322.