Cite as 2022 Ark. App. 259

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-21-602

| | |
|---|---|
| | **Opinion Delivered** May 25, 2022 |
| MICHAEL MCCORMICK | |
| APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-19-84] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ANDY RINER, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Michael McCormick was convicted by a Polk County jury of rape and second-degree sexual assault and was sentenced to thirty and twenty years, respectively, in the Arkansas Department of Correction. He now appeals his convictions, challenging the sufficiency of the evidence and certain evidentiary decisions. We affirm.

McCormick first challenges the sufficiency of the evidence to support his convictions. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Kirkland v. State*, 2021 Ark. App. 56, 618 S.W.3d 167. We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without

resorting to speculation or conjecture. *Daniels v. State*, 2018 Ark. App. 334, 551 S.W.3d 428. With these standards in mind, we turn our attention to the evidence submitted to the jury.

CA, McCormick's step-granddaughter, reported to law enforcement that McCormick had engaged in inappropriate behavior with her when she was twelve. She told the jury that the incident occurred on New Year's Eve when spent the night at her grandparent's house. While sleeping in a bed with McCormick and her grandmother, he touched her breast under her bra and penetrated her vaginally with his finger and penis.

As a result of these allegations, CA was examined by a sexual assault nurse examiner. The nurse who conducted the examination testified that the findings of CA's exam were normal. In other words, she told the jury that there was absolutely nothing in the exam that could either confirm or discredit sexual abuse. Despite this, she stated that this did not contradict a claim of sexual assault given CA's age and length of time between the exam and the alleged assault.

The jury also heard evidence from law enforcement concerning a statement that McCormick gave during the investigation. In this statement, he admitted that on the night in question, CA slept in the bed with him and his wife. As he was dozing off, he felt CA touch his stomach and then his penis. Her hand initially only brushed his penis, but then she grabbed it and began to stroke him. He did not have an erection at the time. He said that when she did this, he turned away. Later, he heard CA making some noise. She was lying next to him with her gown up and her panties down. He thought that she was masturbating. He reached over to check on her. When he did, he admitted that he touched

2

the outside of her vagina. He denied penetrating CA with his finger or penis and denied touching her for sexual gratification.[1]

In McCormick's defense, the jury heard testimony from Evelyn McCormick, McCormick's wife and CA's grandmother. She told the jury that she and McCormick had been married for twenty-eight years, that CA was affectionate with McCormick, and that CA did not seem afraid of him. Concerning the allegations, she testified that on the night of the alleged rape and sexual assault, she felt the bed moving. She reached out to McCormick, but he was still. She then told CA to stop moving. She said that a few moments later, McCormick got up and went into the other room, which was unusual. She stated that there was no way they could have been having sex in the bed without her knowing. Evelyn stated that when she confronted McCormick with what CA alleged occurred, McCormick denied the allegations.

After hearing this evidence, the jury convicted McCormick of rape and second-degree sexual assault. On appeal, McCormick argues that this evidence was insufficient. He claims that, while CA testified that he touched her breasts and inserted his fingers and his penis in her vagina, there was no evidence to corroborate her testimony. To the contrary, he notes that the sexual assault nurse examiner testified there was no physical evidence to corroborate

---

[1]During the jury trial, McCormick testified on his own behalf; his testimony was essentially the same as his testimony in his interview. In his testimony, he again denied touching CA for purposes of sexual gratification.

3

her claims, and he had denied penetrating her. Moreover, he testified that if any touching had occurred, it was accidental and not for sexual gratification.

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is a minor and the actor is the victim's guardian. Ark. Code Ann. § 5-14-103(a)(4)(A)(i) (Supp. 2021). "Sexual intercourse" means penetration, however slight, of the labia majora by a penis. Ark. Code Ann. § 5-14-101(12). "Deviate sexual activity" means any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person; or the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1)(A), (B).

A person commits sexual assault in the second degree if the person engages in sexual contact with a minor and the actor is the minor's guardian, a temporary caretaker, or a person in a position of trust or authority over the minor. Ark. Code Ann. § 5-14-125(a)(4)(A)(iv) (Supp. 2021). Second-degree sexual assault may also be committed if the person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age and not the person's spouse. Ark. Code Ann. § 5-14-125(a)(3). "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(11).

Here, CA testified that McCormick touched her breasts under her bra and penetrated her digitally and with his penis. Arkansas appellate courts have "continually held that a rape

4

victim's testimony alone is sufficient and is substantial evidence to support a rape conviction." *Clayton v. State*, 2012 Ark. App. 199, at 4–5. The same is true for second-degree sexual assault. *Savage v. State*, 2013 Ark. App. 133. Because CA testified to specific acts that fall within the definitions of sexual contact, deviate sexual activity, and sexual intercourse, there was sufficient evidence to support the convictions.

McCormick next argues that the trial court erred in prohibiting him from impeaching CA's credibility. During cross-examination, defense counsel attempted to ask CA about statements she made to her friend, SL, purportedly to show a prior inconsistent statement since it conflicted with a statement she made in a videotaped interview, but the State objected on the basis of the rape-shield statute. The court ruled that the evidence was inadmissible as extrinsic evidence under Arkansas Rule of Evidence 613. McCormick never proffered the evidence he sought to have admitted.

A defendant who challenges a ruling excluding evidence under the rape-shield statute is required to proffer that evidence to preserve a challenge to the ruling for appellate review. *See Stewart v.* State, 2012 Ark. 349, 423 S.W.3d 69. A proffer is necessary so that this court may determine prejudice, and as stated above, the failure to do so precludes review of the issue on appeal. *See Dicandia v. State*, 2010 Ark. 413; *see also Marcum v. State*, 299 Ark. 30, 771 S.W.2d 250 (1989) (rejecting rape-shield argument where there was no proffer in the record of the evidence Marcum proposed to introduce); *Farrell v. State*, 269 Ark. 361, 601 S.W.2d 835 (1980) (refusing to reach the merits of rape-shield argument because the offer

of proof of the victim's prior sexual conduct was inadequate). Because McCormick failed to proffer this evidence, his claim is not preserved for our review.[2]

McCormick also raises constitutional claims on appeal. He claims that the court's ruling excluding CA's inconsistent statements violated his rights under the confrontation and due-process clauses of the constitution to present a full defense. However, he did not raise this argument below, and these claims are likewise not preserved. Our appellate courts have repeatedly stated that we will not address an argument, even a constitutional one, that is raised for the first time on appeal. *See Roston v. State*, 362 Ark. 408, 208 S.W.3d 759 (2005); *Curtis v. State*, 2020 Ark. App. 352; *Richard v. State*, 2020 Ark. App. 492.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[2]The State also argued that the issue is not preserved for our review because McCormick failed to file a written motion as required by the rape-shield statute. *See* Ark. Code Ann. § 16-42-101(c)(1) (Supp. 2021). We note that McCormick did not file a written motion, but he did raise the issue in his written response to the State's motion in limine. We need not address whether this written response is sufficient because his failure to proffer the excluded evidence precludes our review.