Cite as 2025 Ark. App. 190

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-12

| | | |
|---|---|---|
| RAUL TORRES-GARCIA | | Opinion Delivered April 2, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-18-1585] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE ROBIN F. GREEN, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Raul Torres-Garcia appeals the Benton County Circuit Court's order denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2022). We affirm.

On October 18, 2019, the State filed an amended criminal information charging Torres-Garcia with second-degree sexual assault and two counts of first-degree sexual assault. The State alleged that Torres-Garcia assaulted a minor child (MC) on or before July 2018 and that he was MC's temporary caretaker or in a position of trust or authority over her.

On October 22, 2019, the court held a jury trial, and MC testified that Torres-Garcia was a friend of her parents' and that she babysat his children. She explained he had sex with her in his car on five or six occasions. She further testified that he dry humped her and

stroked her breast on other occasions. The jury found Torres-Garcias guilty of all three charges. He was sentenced to an aggregate term of fifty years' imprisonment. On April 21, 2021, this court affirmed Torres-Garcia's conviction. *Torres-Garcia v. State*, 2021 Ark. App. 174.

On June 16, 2021, Torres-Garcia petitioned for postconviction relief pursuant to Rule 37.1 in the Benton County Circuit Court. He alleged that his trial counsel was ineffective for (1) not asking a nurse whether MC's hymen was intact, (2) not testing his car for DNA, (3) not moving for a mistrial when Mery Rivera testified, (4) misunderstanding the law, (5) not moving for a mistrial when Lieutenant Helmich testified about Rivera, (6) not objecting to Lieutenant Helmich's testimony when the testimony went beyond the scope of rebuttal, and (7) calling his wife to testify at trial.

On January 18, 2023, the circuit court denied Torres-Garcia's petition without a hearing. Torres-Garcia now challenges the denial of relief.

We do not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Reed v. State*, 2011 Ark. 115 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

The benchmark question to be resolved in judging an ineffective-assistance-of-counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam). We assess the effectiveness of counsel under a two-

prong standard as set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam). Under the *Strickland* test, a claimant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id.* A claimant must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *See Pennington v. State*, 2013 Ark. 39 (per curiam).

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel that when viewed from counsel's perspective at the time of the trial could not have been the result of reasonable professional judgment. *Id.*

To meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

On appeal, Torres-Garcia first argues that the circuit court erred by finding that his trial counsel was not ineffective for not asking a nurse whether MC's hymen was intact. He

claims that if the nurse had testified that MC's hymen was intact, that testimony would have attacked the truthfulness of MC's allegations.

The supreme court has held that the extent to which a witness is questioned is a matter of trial tactics and does not justify Rule 37 relief. *Hicks v. State*, 289 Ark. 83, 86, 709 S.W.2d 87, 89 (1986). For example, in *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001), a petitioner claimed that his attorney should have contradicted the witness who testified against him by producing evidence that it had rained on the night in question after the witness testified that it had not rained. *Id.* The petitioner argued that the contradiction would have detracted from the witness's credibility, making it less likely that the jury would believe the witness's testimony that the petitioner had committed a crime. *Id.* The supreme court rejected this argument, explaining that the manner of questioning a witness is a subjective issue in which different attorneys could have different approaches, and tactical decisions are not grounds for postconviction relief. *Id.* The court further explained that it was the jury's job to determine the credibility of the witnesses and that there was no indication that the jury would have resolved the credibility determination in the petitioner's favor, even if the witness's testimony had been contradicted. *Id.*

Similarly, in this case, trial counsel's manner of questioning the nurse was a tactical decision, and as the circuit court noted in its order denying relief on this claim, a broken hymen is not a sexual-assault element. Accordingly, we find no error by the circuit court on this point.

Torres-Garcia next argues that the circuit court erred by finding that his trial counsel was not ineffective for not testing his car for DNA to prove that no sexual encounters with MC occurred there.

We disagree. Even though trial counsel did not test the car for DNA, the trial record shows that counsel argued about the State's lack of DNA evidence from the car. Further, Torres-Garcia has not shown that there is a reasonable probability that the jury's decision would have been different had the car been tested for DNA. A sexual-assault victim's testimony alone, describing the sexual contact, is enough for a conviction. *Bahena v. State*, 2023 Ark. App. 261, 667 S.W.3d 553; *see Clarks v. State*, 2011 Ark. 296 (per curiam). Thus, the circuit court did not err in denying relief on this claim.

Torres-Garcia also argues that the circuit court erred by finding that his trial counsel was not ineffective for not moving for a mistrial during Rivera's testimony. Rivera testified that Torres-Garcia had sexually assaulted her when she was fourteen years old.[1]

A person seeking postconviction relief on an ineffective-assistance-of-counsel claim that is based on counsel's failure to make a motion must show that counsel could have made a successful argument to demonstrate prejudice under *Strickland*. *Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618. Failure to make a meritless motion does not constitute ineffective assistance of counsel. *Id.*; *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A mistrial is

---

[1]In 2006, the State charged Torres-Garcia with fourth-degree sexual assault of Rivera, but the trial ended in a mistrial when Rivera recanted on the stand. The court later dismissed the charge on the basis of double jeopardy.

a drastic remedy that should be employed only when the error complained of cannot be cured by an instruction to the jury and only when justice cannot be served by continuing the trial. *Baumann v. State*, 2021 Ark. App. 58.

In this case, trial counsel moved to exclude and limit Rivera's testimony, but the circuit court denied counsel's motions and admitted the testimony. Thus, Torres-Garcia fails to show that a mistrial motion would have been successful, and the circuit court did not err in finding no relief on this claim.

Torres-Garcia next argues that the circuit court erred by finding that his trial counsel was not ineffective for failing to understand the law. He asserts that trial counsel was unversed "in the law pertaining to Mery Rivera's Arkansas [Rule of Evidence] 404(b) testimony." He maintains that Rivera's testimony should have been excluded.

We find no error by the circuit court. Again, trial counsel moved to exclude and limit Rivera's testimony, and this court affirmed the admission of the testimony pursuant to the pedophile exception to Rule 404(b). *Torres-Garcia*, 2021 Ark. App. 174. The issue clearly has been addressed by this court, and Rule 37 does not provide an opportunity to reargue settled points. *Reams v. State*, 2018 Ark. 324, 560 S.W.3d 441 (per curiam).

Torres-Garcia also argues that the circuit court erred by finding that his trial counsel was not ineffective for not moving for a mistrial when Lieutenant Helmich testified about Rivera's accusations. He claims that Lieutenant Helmich and the State knew the testimony was false.

Again, a failure to make a meritless motion does not constitute ineffective assistance of counsel. *Breeden*, 2014 Ark. 159, 432 S.W.3d 618; *Greene*, 356 Ark. 59, 146 S.W.3d 871. In this case, before Lieutenant Helmich testified, the court admitted Rivera's testimony concerning Torres-Garcia's sexual assault against her as well as his threats to her family. Torres-Garcia also does not explain how the State and Lieutenant Helmich knew the testimony was false. Given these circumstances, we cannot say that the circuit court erred by finding that trial counsel was not ineffective for failing to move for a mistrial on the basis of Lieutenant Helmich's testimony.

Torres-Garcia's final argument is that his trial counsel was ineffective for failing to include his wife on the defense witness list. He points out that the court excluded her testimony due to counsel's failure, and he claims that her testimony would have been of great value to his defense.

However, Torres-Garcia did not raise this issue to the circuit court in his Rule 37.1 petition, and the circuit court did not issue a ruling on it. Instead, Torres-Garcia argued that his trial counsel was ineffective for calling his wife as witness, and the circuit court found that trial counsel was not ineffective because his wife did not testify.[2] Issues raised for the first time on appeal are not grounds to reverse a circuit court's order. *Williams v. State*, 2013 Ark. 375 (per curiam). Further, a petitioner's failure to obtain a ruling on an issue from the

---

[2]On appeal, Torres-Garcia explains that he mistook his wife's proffered testimony as trial testimony.

7

circuit court precludes review on appeal. *Huddleston v. State*, 347 Ark. 226, 231 S.W.3d 163 (2001) (per curiam). Accordingly, we find no error on this point. We thus affirm the order denying Torres-Garcia's Rule 37.1 petition.[3]

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Raul Torres-Garcie*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[3]In his Rule 37.1 petition, Torres-Garcia argued that his trial counsel was ineffective for not objecting to Lieutenant Helmich's testimony when it went beyond the scope of rebuttal. However, on appeal, he states that "there is no ineffective assistance of counsel claim involved and to argue differently would be to waste the Court's time." Thus, he has abandoned this argument on appeal, and we do not address the merits.